UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Peter J. Helfrich,<br><br>    Plaintiff<br><br>v.<br><br>State of Nevada, et al.,<br><br>    Defendants | 2:16-cv-00942-JAD-GWF<br><br>**Order Dismissing and Closing Case** |

    Pro se Nevada state-prison inmate Peter Jason Helfrich submitted a civil-rights complaint along with an application to proceed *in forma pauperis*. On September 23, 2016, I denied Helfrich's IFP application because he has filed—and had dismissed—three previous cases (or appeals) while he was incarcerated.[1] I gave Helfrich until October 23, 2016, to pay the filing fee or have his case dismissed and closed without further warning. The deadline has expired, and Helfrich has not paid the filing fee or requested an extension to do so.

    A court may dismiss an action based on a party's failure to obey a court order.[2] In determining whether to dismiss an action on these grounds, I must consider (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.[3]

    The first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket—weigh in favor of dismissal. The third factor, risk of

---

[1] ECF No. 3 at 1–2.

[2] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with court order).

[3] *Ghazali*, 46 F.3d at 53.

1 prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises
2 from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an
3 action.[4]  Additionally, a court's warning to a plaintiff that his failure to obey the court's order will
4 result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[5]  The fourth
5 factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the
6 factors favoring dismissal.  I therefore dismiss this action without prejudice for failure to comply
7 with my September 23, 2016, order.  Accordingly,

8        IT IS HEREBY ORDERED that this action is **DISMISSED** without prejudice.  The Clerk of
9 Court is directed to CLOSE THIS CASE.

10        Dated: November 1, 2016.

12        _____
         Jennifer A. Dorsey
         United States District Judge

---

[4] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[5] *Ferdik*, 963 F.2d at 1262.